ORIGINAL

United States District Court
Eastern District Of New York

COMPLAINT

JURY TRIAL DEMANDED

Zev Yourman,

    Plaintiff

CV 14     1551 CH.J.

-against-

Alan Maisel, Alan Maisel as former Assemblyman, Frank Seddio, Kings County Democratic Committee,

    Defendants

------------------------------------------X

I. Parties:

    Plaintiff Zev Yourman, addressed at Zev Yourman c/o Joseph Persky 880 Bergen Avenue, Jersey City, New Jersey 07306. Plaintiff is prosecuting this action Pro Se.
    Defendant Alan Maisel, is presently addressed at 1402 East 64th Street, Brooklyn, New York 11234. Upon Knowledge and belief his address will be changed on or about March 16, 2014 to 2424 Ralph Ave, Brooklyn, New York 11234.
    Defendant Frank Seddio, addressed at 9306 Flatlands Avenue Brooklyn, New York 11236
    Defendant Kings County Democratic Committee, addressed at 16 Court Street Suite 1207, Brooklyn, New York 11241.



RECEIVED MAR -7 2014 PRO SE OFFICE

II.     The jurisdiction of the Court is invoked pursuant to 28 U.S.C.§1331, 28 U.S.C. § 1343,. 42 U.S.C.§1983, 28 U.S.C.§ 1367, first and fourteenth amendments to the Constitution

III.    Statement of Claim:

1.) On Sunday March 10, 2013 on the sidewalk on the corner of East 17th Street and Quentin Road in Brooklyn New York this plaintiff attended a public gathering. The initiating event in this complaint occured at this public street gathering.

2.) The defendant Alan Maisel who was an assemblyman at that time also attended the above stated public gathering. Maisel announced to the crowd that he was attending as a representative of Frank Seddio, and of the Kings County Democratic Committee, both defendants in this case.

3.) This plaintiff delivered a speech at the above mentioned gathering as protected under the first and fourteenth amendments to the Constitution.

4.) While this plaintiff was speaking, Maisel invoked his position as assemblyman and made complaint to five members of the NYPD concerning this plaintiff and falsely stated that this plaintiff is "very abusive", is "very, very disturbed" is "disturbed" .

5.) The word "disturbed" in police jargon refers to an emotionally disturbed person, the context reflects that.

Emotionally Disturbed Person EDP is a detainable category.

6.) The words stated by Maisel to the NYPD were stated under color of law. The words against this plaintiff were false, defamatory and designed to interefere with and did interefere with this plaintiff's constitutional rights to freedom of speech and due process, and resulted in detention of this plaintiff by NYPD.

7.) At same event as mentioned in #1.), Maisel spoke the words as stated in #4.) to a crowd of over two hundred persons, and to multiple broadcasting networks foreign and domestic, concerning this plaintiff.

8.) The words as stated above were false, defamatory and slanderous. Maisel spoke these words with the motive of starting a violent riot against this plaintiff in order to subject this plaintiff to extra judicial punishment, in order to deny this plaintiff constitution guaranteed rights to freedom of speech and due process.

9.) At same event as described in #1.) defendant Maisel engaged in and encouraged and incited others to engage in unwanted touching, groping, grabbing, poking, feeling, hitting, slapping, kicking, punching, of this plaintiff, in order to subject this plaintiff to extra judicial punishment, in order to deny this plaintiff constitution guaranteed rights to freedom of speech and due process.

10.) Defendant Maisel, stated, within a short time after the event described in #1.) upon knowledge and belief within forty eight hours to one week after the event, concerning this plaintiff the false, defamatory, words as stated in #4. to Frank Seddio the chairman of the Kings County Democratic Committee. Maisel also added the words "<u>crazy man</u>", "<u>he hates Russian people</u>"., "<u>he's not rational</u>", and other false defamatory words concerning this plaintiff and known to the defendants in his statements to Seddio.

11.) Defendant Maisel then continued to state the false defamatory words concerning this plaintiff to John Does one through fifty and Jane Does one through fifty and witnesses known to him.

12.) On or about July 29, 2013 while sitting in his constituents services office located at 2424 Ralph Avenue, Brooklyn, New York, and while working in his capacity as assemblyman, defendant Maisel stated the words stated in #10.) which were false, defamatory and concerning this plaintiff, to constituent(s) and to his office staff. Thus falling under the purview of acting under color of law.

13.) The words "<u>he hates Russian people</u>" pose a clear and present danger to the life and safety of this plaintiff.

14.) Upon Information and belief, Frank Seddio stated the same defamatory false words referring to this plaintiff as originally stated by defendant Maisel in #4.) and #10.) to John Does one through fifty and Jane Does one through fifty and witness known to him.

15.) Defendant Seddio bears liability for Defendant Maisel's actions against this plaintiff on March 10, 2013 as Maisel publicly represented Seddio and his interests at the event see # 2.).

16.) Defendant Kings County Democratic Committee bears liability for defendant Maisel's actions against this plaintiff on March 10, 2013 as Maisel publicly represented the Committee and its' interests at the event see #2.).

17.) In New York the above stated actions against this plaintiff would fall under the purview of the following causes of action: Defamation per se, assault, battery, emotional distress, respondents superior, vicarious liability and it is requested that this be taken into consideration under Supplemental Jurisdiction 28 U.S.C. § 1367.

18.) By the acts described above, defendant(s) have violated and continue to violate the rights of plaintiff protected by the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

19.) Plaintiff has suffered and will continue to suffer pain, suffering, consternation, and emotional distress over the deprivation of constitutionally protected rights, and of the continued threat to plaintiff's life and safety as a result of defendant(s) acts against plaintiff as described above.

20.) Defendant(s) actions have caused and will continue to cause the plaintiff great, immediate, and irreparable harm.

IV.   Remedy:

Prayer:

Plaintiff requests Judgement against defendant(s):

A. Damages in the sum of six million dollars.

B. Punitive damages in the sum of four million dollars.

C. For costs and fees.

D. All other relief that is just and right.

Zev Yourman, deposes and says: I am the Plaintiff in the above entitled action, and do hereby allege upon knowledge as to all matters within my personal knowledge and upon information and belief as to all other matters in the above complaint.

Date:

March 7, 2014
Brooklyn, NY

Zev Yourman - Plaintiff Pro Se