UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ZEV YOURMAN,

                Plaintiff,                        NOT FOR PUBLICATION
                                                         **MEMORANDUM & ORDER**
   - against -                             14-CV-1551 (CBA)(MDG)

ALAN MAISEL, ALAN MAISEL as former
Assemblyman, FRANK SEDDIO, KINGS
COUNTY DEMOCRATIC COMMITTEE, and
THOMAS JEFFERSON DEMOCRATIC
CLUB,

                Defendants.
------------------------------------------------------------x

**AMON, Chief United States District Judge:**

       Plaintiff Zev Yourman, proceeding pro se, initiated this action pursuant to 42 U.S.C. § 1983 on March 7, 2014. (Second Am. Comp., D.E. # 7, at 2.) Yourman alleges defamation and various violations of his civil rights. (Id. ¶¶ 1–28.)

       After Yourman amended his complaint twice, (see D.E. # 5, 7), defendants filed their answer on June 26, 2014. (D.E. # 9.) On June 30, Magistrate Judge Go scheduled an initial conference to discuss discovery, (D.E. # 10); that conference, originally scheduled for July 18, 2014, was postponed until August 11 at Yourman's request. (See First D.E. dated July 17, 2014.) The conference was later rescheduled for August 12. (See Second D.E. dated July 17, 2014.) Although Magistrate Judge Go granted Yourman's motion to adjourn the conference, she reminded Yourman of his obligations to prosecute his case. (See id.)

       Counsel for defendants attended the August 12 conference, but Yourman did not appear. (See D.E. # 18.) Magistrate Judge Go therefore scheduled another conference for September 9, 2014, (see id.), which Yourman once again failed to attend, (see D.E. # 21). After Yourman failed to appear at the second conference, Magistrate Judge Go ordered Yourman to pay $50 to

1

defendants' counsel by October 27, 2014, and to file a report explaining his absences at the two previous conferences. (See id.) She also explicitly warned Yourman that failure to comply with the order would lead her to recommend dismissal of his claims for failure to prosecute. (See id. at 12.)

One week later, on September 16, 2014, Yourman filed a change of address.[1] (See D.E. # 22.) More than a year has passed since, and Yourman has taken no further action in the case. He has neither paid the sanction imposed by Magistrate Judge Go, nor submitted a report explaining his repeated absences. Yourman has also failed to file a response to defendants' motion to dismiss, which was due October 31, 2014. (See D.E. # 21.) On November 13, 2014, defendants asked the Court to dismiss Yourman's claims for noncompliance with Magistrate Judge Go's orders and for failure to prosecute. (See D.E. # 25.) Accordingly, on September 10, 2015, this Court issued—and mailed to Yourman—an order to show cause requiring Yourman to defend his inactivity and explain why his case should not be dismissed for failure to prosecute. (See D.E. # 26.) The order gave Yourman 10 days to respond, explicitly warning him that failure to do so would result in dismissal of his case. (Id.)

Yourman has again failed to respond. Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Failure to prosecute "can evidence itself either in an

---

[1] After receiving Yourman's letter indicating his new address, the Court re-sent to that address the orders issued by Magistrate Judge Go after Yourman missed each conference, as well as the minute entry for the second of the two conferences. This Court also mailed to Yourman's new address the November 21, 2014 order referring defendants' motion to dismiss to Magistrate Judge Go, (see D.E. dated November 21, 2014), and the order to show cause from September 10, 2015. Additionally, the defendants' submissions that post-dated Yourman's change of address are all addressed to him at the new location. (See D.E. # 23–25.)

action lying dormant with no significant activity to move it or in a patter of dilatory tactics."[2] Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).

In determining whether dismissal for failure to prosecute is appropriate, courts consider a number of factors, including whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration;
> (2) plaintiff was given notice that further delay would result in dismissal;
> (3) defendant was likely to be prejudiced by further delay;
> (4) the need to alleviate court calendar congestion [i]s carefully balanced against plaintiff's right to an opportunity for a day in court; and
> (5) . . . the efficacy of lesser sanctions.

U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004). "No one factor is dispositive," and the Court therefore must consider whether dismissal is warranted "in light of the record as a whole." Id.

Considered collectively, these factors clearly weigh in favor of dismissal. Regarding the first factor, aside from changing his address approximately a year ago, Yourman's most recent participation in the case came some 14 months ago, on July 15, 2014, when he submitted a request to adjourn the first conference in the case. (See D.E. # 17.) It has been even longer—15 months—since he submitted documents that advance this litigation. (See D.E. # 12–15.) His failure to appear at subsequent conferences, and his failure to respond to defendants' motion to dismiss, ultimately delayed the defendants' submission of their motion by a matter of months. Even after that motion was filed, the case has essentially sat idle for a year while the Court waited for Yourman to comply with Magistrate Judge Go's orders to pay a sanction and explain

---

[2] The Court notes that dismissal with prejudice is considered "a harsh remedy to be utilized only in extreme situations." Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972). The Court is also mindful that "pro se plaintiffs should be granted special leniency regarding procedural matters," LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). Even so, "the authority to invoke [dismissal with prejudice] for lack of prosecution, both on defendant's motion and *sua sponte*, is an inherent '. . . control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Theilmann, 455 F.2d at 855 (quoting Link v. Wabash R. Co., 370 U.S. 626, 630–31 (1962)).

3

his absences. These delays are long enough to support dismissal of Yourman's complaint. See Drake, 375 F.3d at 255 (finding a 17-month delay "comparable to, if not longer than, delays that have supported dismissals in other cases").

Yourman was also given repeated notice that his failure to pursue the case would result in dismissal of his complaint. See Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999). When granting his motion to adjourn the conference in July of 2014, Magistrate Judge Go warned Yourman generally about his obligation to pursue his case, (First D.E. dated July 17, 2014), and she warned him specifically about dismissal when sanctioning him for missing two consecutive conferences, (see D.E. # 21). Moreover, this Court also explicitly warned Yourman that he risked dismissal of his complaint if he failed to respond to the September 10, 2015 order to show cause. (See D.E. # 26.)

With respect to the third factor, even without asking defendants to demonstrate prejudice, the Court can presume prejudice to the defendants as a matter of law if a plaintiff causes a lengthy and inexcusable delay. Drake, 375 F.3d at 256–57. Here the delay is fairly lengthy, and because Yourman has provided no explanation, it appears inexcusable. The Court therefore presumes at least some measure of prejudice to the defendants from Yourman's delays.

On the fourth factor, this largely inactive case does not contribute substantially to court congestion, though it certainly contributes some. See Drake, 375 F.3d at 257. Significantly, consideration of court congestion is balanced against a plaintiff's opportunity to be heard. See id. Because Yourman has had—and ignored—multiple opportunities to be heard, the fourth factor does not counsel against dismissal.

Finally, concerning the fifth factor, Magistrate Judge Go has already attempted to impose a lesser penalty on Yourman—a fine for wasting the time of both defendants' counsel and the

4

Court, and an obligation to explain his delays. Yourman has simply disregarded that penalty, rendering it ineffective. A more significant sanction is thus required, and none readily presents itself as sufficient save for dismissal. See Drake, 375 F.3d at 259. Further, because Yourman proceeds pro se, he—rather than an attorney working on his behalf—is responsible for these delays. As a result, in comparison to lesser sanctions, dismissal is "more suitable" than it otherwise would be. See Dodson v. Runyon, 86 F.3d 37, 40 (2d Cir. 1996).

Considered "in light of the record as a whole," the Court concludes that Yourman's failure to prosecute his claims warrants their dismissal. Drake, 375 F.3d at 254. Indeed, Yourman has gone further than failing to prosecute under a standard recitation of the relevant factors; he appears simply to have abandoned his case altogether.

For the foregoing reasons, the Court dismisses Yourman's complaint for failure to prosecute. See Fed. R. Civ. P. 41(b). The Clerk of Court is instructed to enter judgment in favor of defendants and close the case.

SO ORDERED.

Dated: Brooklyn, New York  
       September 25, 2015

s/CBA

Carol Bagley Amon  
Chief United States District Judge

5